UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Christine Hewitt-Simmons,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Mayor Eric Adams, Edward Caban, and Carrie B. Talansky,<br><br>　　　　　　Defendants. | 23-cv-06001 (NRM) (LB)<br><br>**MEMORANDUM AND ORDER** |

NINA R. MORRISON, United States District Judge:

　　Plaintiff Christine Hewitt-Simmons commenced this action to challenge her termination from the New York Police Department ("NYPD") based on her refusal to comply with New York City's COVID-19 vaccine mandate. She appears to bring claims pursuant to the First Amendment to the United States Constitution, Title VII of the Civil Rights Act of 1964, 18 U.S.C. §§ 241 and 242, and for bribery. Defendants move to dismiss Plaintiff's Complaint in its entirety.

　　For the reasons to follow, the Court denies Defendants' motion with respect to Plaintiff's Title VII claim and grants Defendants' motion with respect to Plaintiff's remaining claims.

1

# BACKGROUND[1]

In August 2021, Plaintiff Christine Hewitt-Simmons began working as an Administrative Staff Analyst with the NYPD. Compl. at 34, ECF No. 1.[2] On August 31, 2021, former Mayor Bill DeBlasio issued Executive Order No. 78, which required New York City employees to be vaccinated against COVID-19 or submit proof of a negative COVID-19 test on a weekly basis. Exec. Order No. 78 at 3, ECF No. 17-9. Executive Order No. 78 stated that "it is essential that the City promote the best health and safety practices recognized in light of current scientific understanding of the conditions under which COVID-19 can spread," and noted the CDC's recognition "that vaccination is an effective tool to prevent the spread of COVID-19." *Id.* at 2.

On August 23, 2021, Plaintiff requested a religious exemption from the vaccine requirement, in part because "American vaccines have a serious moral issue with cell lines taken from aborted babies." Compl. at 20. On September 30, 2021, the NYPD granted Plaintiff a reasonable accommodation based upon her religious belief. *Id.* at 22. The accommodation exempted her from having to receive the COVID-19 vaccine

---

[1] The following facts are taken from the allegations in Plaintiff's Complaint, which the Court takes as true for the purpose of this opinion. The Court also draws facts from exhibits contained in the Complaint and Defendants' motion to dismiss because, in considering a motion to dismiss for failure to state a claim, "the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken." *Jovani Fashion, Ltd. v. Cinderella Divine, Inc.*, 808 F. Supp. 2d 542, 545 (S.D.N.Y. 2011).

[2] All page references use ECF pagination.

as long as she submitted to weekly COVID-19 testing and wore a face covering at all times while working. *Id.*

On October 20, 2021, the former New York City Health Commissioner entered an order which, together with Executive Order No. 83 (issued by former Mayor DeBlasio), required all City employees to provide proof of vaccination and revoked Executive Order No. 78's exemptions to being vaccinated. Exec. Order No. 83, ECF No. 17-5; N.Y.C. Health Comm'r Order, ECF No. 17-10. Executive Order No. 83 reiterated the goal of "promot[ing] the best health and safety practices recognized in light of current scientific understanding of the conditions under which COVID-19 can spread." Exec. Order No. 83 at 2. The Health Commissioner's order stated that "a system of vaccination for individuals providing City services and working in City offices will potentially save lives, protect public health, and promote public safety." N.Y.C. Health Comm'r Order at 3.

On February 10, 2022, Plaintiff received a letter from the NYPD Reasonable Accommodation Unit, which informed her that "the previous exemptions to being vaccinated have been revoked," and that she was "required to comply with the COVID-19 [vaccine] mandate" within seven days. Compl. at 47.[3]

It appears that Plaintiff had earlier applied for another exemption from mandatory COVID-19 vaccination; on December 21, 2021, the City of New York Equal Employment Opportunity Division alerted Plaintiff that her request for a reasonable

---

[3] Plaintiff's Complaint indicates that the revocation of her reasonable accommodation was in another member's name. Compl. at 47. However, there does not appear to be any dispute that the later letters directing Plaintiff to receive the vaccine were properly addressed to Plaintiff.

3

accommodation was denied based on the following reasons: "[i]nsufficient or missing religious documentation," "[s]tatement does not appear to be written by the applicant/generic statement that does not support candidate's request," "[w]ritten statement does not set forth how religious tenets conflicts with vaccine requirement," and "[n]o history of vaccination/medicine refusal." Reasonable Accommodation Denial at 2, ECF No. 17-6.

The parties' filings indicate that Plaintiff appealed this determination, and on May 31, 2022, her appeal was denied because she "Does Not Meet Criteria Pursuant to the City of New York's policy concerning the vaccine mandate." Appeal Denial at 2, ECF No. 17-8. The denial letter further stated that Plaintiff had "seven calendar days from the date of [the] notice to submit proof of vaccination." *Id*. The letter warned: "If you do not do so, you will be placed on a leave without pay." *Id*. On June 15, 2022, the NYPD Human Resources Division sent Plaintiff a letter stating that Plaintiff would be terminated because she did not comply with the New York City Health Commissioner's Order requiring her to receive the COVID-19 vaccine. Compl. at 23. Plaintiff's termination was effective five days earlier, on June 10, 2022. *Id*.

Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on October 12, 2022, alleging that she was discriminated against because of her religion. *Id*. at 28. It appears that the NYPD sent Plaintiff a proposed settlement agreement on February 6, 2023. *Id*. at 28–30. The proposed settlement states that if Plaintiff agrees to dismissal with prejudice of the claims asserted in her EEOC Charge, the NYPD would reinstate her

4

to her former position and issue her back pay for the period of June 8, 2022 to the date of her reinstatement. *Id.* at 29. Plaintiff did not agree to the proposed settlement. *Id.* at 44. The EEOC issued Plaintiff a right to sue letter on July 31, 2023. *Id.* at 37.

Plaintiff, acting *pro se*, commenced this action against Mayor Eric Adams, New York Police Commissioner Edward Caban, and NYPD Acting Deputy Commissioner Carrie B. Talansky on August 15, 2023. *Id.* at 1. She alleges violations of her right to religious freedom under the First Amendment of the United States Constitution, and also appears to allege violations of Title VII, 18 U.S.C. §§ 241 and 242, and that Deputy Commissioner Talansky attempted to commit an act of bribery by offering her the proposed settlement.[4] *Id.* at 4, 6, 12. She seeks reinstatement, back pay, and $600,000 in damages. *Id.* at 6.

Defendants filed a motion to dismiss Plaintiff's Complaint on November 3, 2023. Mot. to Dismiss, ECF No. 17. Plaintiff filed a response in opposition on November 16, 2023, Opp'n Br., and Defendants filed a reply brief on December 29, 2023, Reply Br., ECF No. 21.[5]

---

[4] Plaintiff's Complaint also appears to allege violations of the New York State Constitution. However, in Plaintiff's opposition to Defendants' motion to dismiss, Plaintiff notes Defendants' argument in support of dismissal of Plaintiff's New York State claims and contends that she "uses the state constitution only as an example, clearly this is a federal case as stated above." Opp'n Br. at 6, ECF No. 19. Accordingly, the Court deems Plaintiff's New York State Constitutional claims to be withdrawn and does not address them herein.

[5] On January 8, 2024, Plaintiff filed a sur-reply, Sur-Reply, ECF No. 23, which Defendants moved to strike, Mot. to Strike, ECF No. 24. Because Plaintiff's arguments raised in her sur-reply do not alter the Court's conclusions, the Court denies Defendants' motion to strike.

5

## LEGAL STANDARD

In reviewing a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court "accept[s] all factual allegations in the complaint and draw[s] all reasonable inferences in the plaintiff's favor." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citing *Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 161 (2d Cir. 2000)). To survive a motion to dismiss for failure to state a claim, a plaintiff "must plead facts sufficient to show that her claim has substantive plausibility." *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The Court also notes that "the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

## DISCUSSION

Defendants make three central arguments in support of their motion to dismiss. *See* Mem. in Supp., ECF No. 17-1. First, they argue that Plaintiff's First Amendment claim fails because a rational basis exists for enforcement of the vaccine mandate. *Id.* at 17. Second, they argue that to the extent Plaintiff raises a Title VII claim, Plaintiff fails to state such a claim. *Id.* at 22. And third, they contend that Plaintiff's claims based on criminal statutes and for bribery are not viable civil causes

6

of action.⁶  *Id.* at 24.  The Court agrees with Defendants' first and third arguments and grants their motion to dismiss Plaintiff's First Amendment, bribery, and 18 U.S.C. §§ 241 and 242 claims.  However, the Court denies Defendants' motion to dismiss Plaintiff's Title VII claim.

## I. First Amendment Claim

Plaintiff appears to allege that the COVID-19 vaccine mandate violates the First Amendment's Free Exercise Clause, *see* Compl. at 4, which provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof," U.S. Const. amend I.  "The Free Exercise Clause [] protects an individual's private right to religious belief, as well as the 'performance of (or abstention from) physical acts that constitute the free exercise of religion.'" *Kane v. De Blasio*, 19 F.4th 152, 163–64 (2d Cir. 2021) (quoting *Cent. Rabbinical Cong. of U.S. & Can. v. N.Y.C. Dep't of Health & Mental Hygiene*, 763 F.3d 183, 193 (2d Cir. 2014)).

"[T]o prevail on a Free Exercise Clause claim, a plaintiff generally must establish that 'the object of [the challenged] law is to infringe upon or restrict practices because of their religious motivation,' or that its 'purpose . . . is the

---

⁶ Defendants make two additional arguments.  First, they argue that "the Vaccine Mandates are lawful and enforceable."  Mem. in Supp. 16.  However, because that argument is not responsive to any of Plaintiff's specific claims, the Court does not address it herein.

Second, Defendants argue that, to the extent Plaintiff seeks to overturn the denial of her reasonable accommodation request, Plaintiff's challenge should have been brought as an Article 78 proceeding.  *Id.* at 25–27.  Plaintiff does not substantively respond to this argument; she only reiterates that this case is governed by federal law.  Opp'n Br. at 8.  Accordingly, the Court focuses its analysis on Plaintiff's claims brought pursuant to federal law.

suppression of religion of religious conduct.'" *Kane v. de Blasio*, 623 F. Supp. 3d 339, 353–54 (S.D.N.Y. 2022) (second alteration in original) (quoting *Okwedy v. Molinary*, 69 F. App'x 482, 484 (2d Cir. 2003)).  But "[w]here the government seeks to enforce a law that is neutral and of general applicability . . . it need only demonstrate a rational basis for its enforcement, even if enforcement of the law incidentally burdens religious practices." *Id.* at 354 (quoting *Fifth Ave. Presbyterian Church v. City of New York*, 293 F.3d 570, 574 (2d Cir. 2002)).

Defendants contend that the vaccine mandate is both "neutral and generally applicable," Mem. in Supp. at 16 (quoting *Kane*, 19 4th 152, 166), and Plaintiff pleads no facts to the contrary, *see* Compl.  Unlike laws that seek "to infringe upon or restrict practices because of their religious motivation," *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 533 (1993), the vaccine mandate has a facially neutral purpose of "sav[ing] lives, protect[ing] public health, and promot[ing] public safety," N.Y.C. Health Comm'r Order at 3.  Plaintiff's Complaint points to no statements or events that undermine this neutrality.  *See* Compl. Additionally, because the mandate applies to "all City employees," *id.* at 4, and "does not single out employees who decline[d] vaccination on religious grounds," *Kane*, 19 F.4th at 164, it is clearly generally applicable.  Moreover, to the extent there are certain groups that are exempted from the mandate, Plaintiff does not argue that those exemptions "allow secularly motivated conduct to be favored over religiously motivated conduct." *Id.* at 165.

Accordingly, Defendants need only demonstrate a rational basis for the vaccine mandate's enforcement. "Rational basis review requires the City to have chosen a means for addressing a legitimate goal that is rationally related to achieving that goal." *Id.* at 166. Here, as in similar cases, the challenged vaccine mandate "easily meets that standard." *We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 290 (2d Cir. 2021). Faced with a public health crisis, the City of New York sought to reduce the transmission of COVID-19 when its employees and contractors provided services to New Yorkers. N.Y.C. Health Comm'r Order at 3. As the Second Circuit has readily concluded regarding similar mandates, the vaccine mandate is a rationally related means for achieving that legitimate goal. *We the Patriots USA*, 17 F.4th at 290; *Kane*, 19 F.4th at 166.

Plaintiff does not meaningfully challenge this conclusion. Instead, she alleges that while there may be a rational basis for enforcement of the vaccine mandate "for some," there is no rational basis for enforcing the mandate against her because "she believed upon being vaccinated she would get sick and die from the vaccine, simply because of the ingredients [] contained therein." Opp'n Br. at 5. To the extent Plaintiff is making an as-applied challenge to the vaccine mandate, that claim also fails. While Plaintiff may believe that she was entitled to an exemption from the mandate, she has not provided any allegations as to the adjudication of her exemption request. Accordingly, she "has not pleaded sufficient facts to suggest that the citywide panel's review process, as applied to her, was not neutral or generally

9

applicable." *Bonilla v. City of New York*, No. 22-CV-7113, 2023 WL 8372859, at *5 (S.D.N.Y. Dec. 4, 2023).[7]

## II. Title VII Claim

Plaintiff's Complaint does not expressly invoke Title VII, 42 U.S.C. § 2000e *et seq.* However, Plaintiff appears to allege that Defendants failed to reasonably accommodate her religious beliefs by subjecting her to the vaccine mandate, and Defendants move to dismiss Plaintiff's Title VII claim "in the event that Plaintiff is alleging" one. Mem. in Supp. at 24. Accordingly, the Court liberally construes Plaintiff's complaint as raising a Title VII religious discrimination claim.

"Title VII prohibits employers from discriminating against their employees with respect to 'compensation, terms, conditions, or privileges of employment' based on protected classifications including religion." *Algarin v. NYC Health + Hosps. Corp.*, 678 F. Supp. 3d 497, 507 (S.D.N.Y. 2023) (quoting 42 U.S.C. § 2000e-2(a)(1)). Under Title VII, employers are required to "'reasonably accommodate . . . an employee's . . . religious observance of practice' unless it would cause an 'undue hardship on the conduct of the employer's business.'" *Id.* (alteration in original) (quoting 42 U.S.C. § 2000e(j)). A *prima facie* case of religious discrimination requires the plaintiff to show that she (1) "held a bona fide religious belief conflicting with an

---

[7] Plaintiff's citation to *Garvey v. City of New York*, 180 N.Y.S.3d 476 (N.Y. Sup. Ct. 2022), does not alter the Court's conclusion. In that case, a New York Supreme Court Judge granted former New York City Department of Sanitation employees' Article 78 petition which challenged the City's vaccine mandate. The Court found that the vaccine mandate was arbitrary and capricious, *id.* at 483, and violated the New York State Constitution, *id.* at 488–89. The *Garvey* court did not consider whether the vaccine mandate violated the First Amendment or Title VII, which are the claims at issue before this Court.

10

employment requirement;" (2) "informed [her] employers of this belief;" and (3) was "disciplined for failure to comply with the conflicting employment requirement." *Knight v. Conn. Dep't of Public Health*, 275 F.3d 156, 167 (2d Cir. 2001) (citing *Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476, 481 (2d Cir. 1985)). If an employee can establish the *prima facie* case, "the burden then shifts to the employer to show it could not accommodate the employee['s] religious beliefs without undue hardship." *Id.*

Defendants appear to agree that Plaintiff informed them of her religious beliefs but contend that Plaintiff fails to allege any facts to satisfy either the first and third prongs of the *prima facie* case. Starting with the first prong, to allege a bona fide religious belief, a plaintiff's belief "must be both sincerely held and religious." *Vasquez v. City of New York - Off. of Mayor*, No. 22-CV-05068, 2024 WL 1348702, at *6 (E.D.N.Y. Mar. 30, 2024). Here, it is not clear whether Plaintiff filed a separate accommodation request after Executive Order No. 83. But in Plaintiff's first accommodation request (which was granted), she stated that "American vaccines have a serious moral issue with cell lines taken from aborted babies," and "[t]he Bible teaches that 'thou shalt not kill.'" Compl. at 20. Defendants contend that this reasoning does not constitute a bona fide religious belief because, "[b]y her own admission, Plaintiff's conscience and personal beliefs about abortion, not her religion, led her to refuse the COVID-19 vaccine." Reply Br. at 9. But numerous courts have recognized that a plaintiff's beliefs about a vaccine's connection to abortion can constitute a bona fide religious belief. *See Jackson v. New York State Off. of Mental*

11

*Health - Pilgrim Psychiatric Ctr.*, No. 23-CV-04164, 2024 WL 1908533, at *6 (E.D.N.Y. May 1, 2024); *Algarin*, 678 F. Supp. 3d at 508; *Chinchilla v. N.Y.C. Police Dep't*, No. 23-cv-8986, 2024 WL 3400526, at *7 (S.D.N.Y. July 12, 2024).  Here, Plaintiff not only alleges that she believes there exists such a connection, but specifically roots her objection in what she interprets to be a Biblical mandate. Therefore, "drawing all inferences in favor of Plaintiff, and conscious of the Court's circumscribed role in policing Plaintiff's religious beliefs," *Vasquez*, 2024 WL 1348702, at *6, the Court determines that Plaintiff plausibly alleges a bona fide religious belief conflicting with the vaccine mandate.

Plaintiff also plausibly alleges that Defendants disciplined her for refusing to be vaccinated.  Specifically, Plaintiff alleges that Defendants terminated her because she failed to comply with the vaccination requirement.  Courts have held that termination based on an employee's refusal to receive the vaccine satisfies the third prong of the *prima facie* case for religious discrimination.  *See Riley v. N.Y.C. Health & Hosps. Corp.*, No. 22-cv-2736, 2023 WL 2118073, at *4 (S.D.N.Y. Feb. 17, 2023) (holding plaintiff's "allegations make out a prima facie case of religious discrimination under Title VII" where plaintiff "was fired for refusing to comply with the [vaccine] mandate"); *Jackson*, 2024 WL 1908533, at *6 (holding plaintiff's allegation that she was suspended without pay and ultimately terminated sufficient to plead the third element of the *prima facie* case of religious discrimination).

Defendants attempt to undermine this conclusion by arguing that courts have "ruled that in cases where an employee fails to meet a condition of his employment,

12

placement on [leave without pay] and termination does not constitute 'discipline.'" Mem. in Supp. at 14 (citing *Garland v. N.Y.C. Fire Dep't*, 574 F. Supp. 3d 120 (E.D.N.Y. Dec. 6, 2021)).  However, the cases Defendants cite in support of that proposition do not involve Title VII religious discrimination claims.  Rather, those cases considered whether plaintiffs were provided the requisite process when terminated for their failure to receive the COVID-19 vaccine, *see, e.g.*, *Marciano v. de Blasio*, 589 F. Supp. 3d 423, 436 (S.D.N.Y. 2022) (holding that plaintiff was not entitled to certain protections related to his termination because the COVID-19 vaccine requirement is a condition of plaintiff's employment that he failed to satisfy); *Garland*, 574 F. Supp. 3d at 127 (same), and Defendants do not explain how their analyses bear on the instant inquiry.  In the absence of such contrary authority, the Court concludes Plaintiff has plausibly alleged a *prima facie* case of religious discrimination pursuant to Title VII.

The burden thus shifts to Defendants to show they could not accommodate Plaintiff's beliefs without undue hardship.  Defendants have yet to make any argument that accommodating Plaintiff's objection to the vaccine mandate through measures short of termination (*i.e.*, the consequence she alleges she faced for refusing to be vaccinated) would have caused them an undue hardship given the nature of her employment and other relevant factors at that time.  Therefore, the Court denies Defendants' motion to dismiss Plaintiff's Title VII claim.

### III.    Claims Under 18 U.S.C. §§ 241 and 242 and for Bribery

Defendants argue that Plaintiff's claims brought pursuant to 18 U.S.C. §§ 241 and 242 and for bribery must be dismissed because they are criminal in nature. Mem. in Supp. at 24. Defendants are correct. To start, 18 U.S.C. §§ 241 and 242 are "both criminal statutes" which do not provide a private right of action. *Storm-Eggink v. Gottfried*, 409 F. App'x 426, 427 (2d Cir. 2011) (summary order). And Plaintiff's claim for bribery fares no better. "[N]o private right of action exists against a defendant for soliciting a bribe" because bribery "is a criminal offense, not a basis for civil liability." *Morse v. Boerner*, No. 10-CV-2811, 2011 WL 13305339, at *8 (E.D.N.Y. Aug. 10, 2011) (quoting *Maker v. Runyon*, No. 94-cv-5052, 1996 WL 32154, at *4 (S.D.N.Y. Jan. 24, 1996) (citing 18 U.S.C. § 201)). The Court thus grants Defendants' motion to dismiss Plaintiff's §§ 241 and 242 and bribery claims.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss Plaintiff's First Amendment, §§ 241 and 242, and bribery claims, and denies Defendants' motion to dismiss Plaintiff's Title VII claim.

SO ORDERED.

    */s/ NRM*
    NINA R. MORRISON
    United States District Judge

Dated: September 30, 2024
      Brooklyn, New York